**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ORLANDO VELASQUEZ GARCIA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-70670

Agency No. A073-986-839

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2020[**]
Pasadena, California

Before:  CALLAHAN and IKUTA, Circuit Judges, and BENCIVENGO,[***] District
Judge.

Orlando Velasquez Garcia, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals (BIA) order affirming the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

immigration judge's denial of asylum, cancellation of removal, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1).

In a concurrently filed opinion, we hold that perjury under section 118(a) of the California Penal Code is an "offense relating to . . . perjury" and is thus an "aggravated felony." 8 U.S.C. § 1101(a)(43)(S). Velasquez was convicted under section 118(a), and therefore the BIA did not err in holding that he was ineligible for asylum, *see* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i), and cancellation of removal, *see* 8 U.S.C. § 1229b(a)(3).

Substantial evidence supports the BIA's denial of withholding of removal because the record does not compel the conclusion that the proposed social group of adult males returning to Guatemala who are perceived as wealthy is "socially distinct," *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016), nor does it compel the conclusion that gang members will target Velasquez based on the mistaken belief that he is returning to Guatemala to take revenge for threats and extortion of his mother, *see Hakeem v. I.N.S.*, 273 F.3d 812, 816 (9th Cir. 2001).

Finally, substantial evidence supports the BIA's denial of CAT protection. The record does not compel the conclusion that it is more likely than not that Velasquez will be tortured in Guatemala. His general concern about crime and

2

violence in Guatemala is insufficient for protection under CAT, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010), and his mother and siblings continue to live safely in Guatemala, making his predictions of torture speculative, *see Blandino-Medina v. Holder*, 712 F.3d 1338, 1348 (9th Cir. 2013).

**PETITION DENIED**.